UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GENTRY MONTGOMERY,

           Plaintiff,

v.

WARDEN THOMAS HALL, et al.,

           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: July 22, 2013

11 Civ. 4645 (PAC) (GWG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United State District Judge:

On June 6, 2011, pro se plaintiff Gentry Montgomery brought this action under 42 U.S.C. § 1983 against Warden Thomas Hall, Correction Officer Paul Kane and Correction Officer Robert Hicks (collectively, "Defendants"), alleging a violation of his constitutional rights during a visual strip search conducted at Manhattan Detention Complex ("MDC"). (Dkt. No. 2.) On August 4, 2011, the Court referred the case to Magistrate Judge Gorenstein. (Dkt. No. 8.) On December 12, 2012, the Defendants moved for summary judgment. (Dkt. No. 31.) On May 15, 2013, Magistrate Judge Gorenstein issued a Report and Recommendation ("R&R") recommending that the Court grant summary judgment to the Defendants. (Dkt. No. 41.) No objections have been filed. For the following reasons, the Court adopts Magistrate Judge Gorenstein's R&R in its entirety and grants the Defendants' motion for summary judgment.

## BACKGROUND

### A. Facts[1]

Montgomery alleges that on May 11, 2011, while exiting the MDC holding pen for a court appearance, he was forced to strip in front of other detainees and both male and female officers. When he refused, he was surrounded and threatened. One officer purportedly said: "I don't care

---

[1] All of the facts and the procedural history have been taken from the R&R unless otherwise indicated. The facts are based on Montgomery's Complaint and assumed to be true for the purposes of this motion.

1

if you are 'Muslim' you still gonna strip." (Compl. at II.D.) He contends that the experience was "humiliating and degrading your personal busisseness [sic] is out there while they are standing around laughing and making jokes." (Id. at V.) Montgomery seeks $5 million in damages on behalf of himself and other "victim[ ] detainees." Id.

### B. Magistrate Judge Gorenstein's R&R

Magistrate Judge Gorenstein did not reach all of the bases for dismissal set forth in the Defendants' moving papers since he determined that summary judgment could be granted on the merits of Montgomery's § 1983 claim. (R&R at 5.)[2] Specifically, Magistrate Judge Gorenstein concluded that the visual strip search did not violate the plaintiff's constitutional rights under the First, Fourth, and Eighth Amendments. (Id. at 6-9.)

## DISCUSSION

### I. STANDARD OF REVIEW

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may adopt those portions of the R&R "to which no objections have been made and which are not facially erroneous." Wilds v. United Parcel Serv., Inc., 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003) (quotations omitted). Because Petitioner is proceeding pro se, the Court construes his filings to raise the strongest arguments that they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### II. ANALYSIS

Summary judgment is appropriate where the record demonstrates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.

---

[2] These included (1) failure to allege the personal involvement of Thomas Hall; (2) the Department of Corrections is not a suable entity; (3) the Defendants are entitled to qualified immunity; and (4) failure to exhaust. (R&R at 5; Def. SJ Mem., Dkt. No. 35.)

2

R. Civ. P. 56(c). "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under color of state law deprived him of a federal right." Thomas v. Roach, 165 F.3d 167, 142 (2d Cir. 1999). In the context of the Fourth Amendment, the Supreme Court has noted that restrictions "on an inmate's constitutional rights must be upheld if it is reasonably related to legitimate penological interests." Id. at 1517. "Correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities." Id. at 1517. Accordingly, "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters." Id.

To demonstrate that a strip search violated an inmate's First Amendment rights, the prisoner must first show that the conduct at issue "substantially burdens his sincerely held religious beliefs." Salahuddin v. Goord, 467 F.3d 263, 274 (2d Cir. 2006). "The defendants then bear the relatively limited burden of identifying the legitimate penological interests that justify the impinging conduct; the burden remains with the prisoner to show that these articulated concerns were irrational." Id. (internal quotation marks and citations omitted).

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when (1) the deprivation is objectively sufficiently serious, and (2) the official acted with a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

As Magistrate Judge Gorenstein noted, strip searches of detainees as they leave prison for court appearances serve the legitimate penological interest of preventing the smuggling of contraband into and out of prisons. (R&R at 6-7.) The record contains no evidence that the search in question was an "exaggerated" response to this security concern. Further, Montgomery has failed to meet his prima facie burden of demonstrating that the strip search substantially

3

burdened his religious beliefs. At any rate, the plaintiff has failed to show that the penological interest identified by the defendants is irrational. Finally, even construed liberally, plaintiff's papers do not suggest that the search in question was sufficiently serious to violate the Eighth Amendment. Accordingly, Magistrate Judge Gorenstein did not clearly err in his recommendation to dismiss the plaintiff's claim.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Gorenstein's R&R in its entirety. Defendants' motion for summary judgment is GRANTED. Pursuant to 28 U.S.C.1915(a), the Court finds that any appeal from this order would not be taken in good faith. The Clerk of Court is directed to enter judgment in favor of the Defendants and close this case.

Dated: New York, New York
July ??, 2013

SO ORDERED

PAUL A. CROTTY
United States District Judge

Copies Sent To:

Gentry Montgomery
12-A-2626
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13024